E-FILED
Monday, 03 January, 2011 03:28:42 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIMOTHY W. HUDDLESTON, | ) |
| Petitioner, | ) |
| v. | ) No. 10-3133 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

OPINION

This matter comes before the Court on Petitioner Timothy Huddleston's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition). For the reasons set forth below, the Petition is denied.

STATEMENT OF FACTS

On December 4, 2007, a grand jury issued a three-count Superseding Indictment that charged Huddleston with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1), felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count 3). U.S.

1

v. Huddleston, C.D.Ill. Case No. 07-30011, Superseding Indictment (d/e 32). On January 25, 2008, at the pretrial conference, Huddleston moved and was allowed to represent himself. His former attorney Jeffrey Page was appointed as standby counsel. <u>U.S. v. Huddleston</u>, C.D.Ill. Case No. 07-30011, <u>Minute entry entered January 25, 2008</u>. On February 1, 2008, the Government filed a Notice Regarding Prior Felony Drug Conviction pursuant to 21 U.S.C. § 853 (Case No. 07-30011, d/e 39).

Huddleston's jury trial commenced on February 5, 2008. On February 6, 2008, at the conclusion of the trial, the jury found Huddleston guilty on all three counts. <u>U.S. v. Huddleston</u>, C.D.Ill. Case No. 07-30011, <u>Minute entry entered February 6, 2008</u>.

The Probation Office prepared a Revised Presentence Investigation Report (PSR) dated June 20, 2008 (Case No. 07-30011, d/e 78). The PSR stated that Huddleston was in criminal history category IV. <u>PSR</u> ¶ 52. The PSR stated that Huddleston was accountable for crack and cocaine powder that was considered equal to 1,260.18 kilograms of marijuana for purposes of the Sentencing Guidelines. As a result, the PSR put Huddleston's offense level at 30. <u>PSR</u> ¶¶ 22, 27, 39.

The sentencing hearing took place on July 21, 2008. The Court

allowed Huddleston's objection to the drug quantity calculation in the PSR. The Court held Huddleston accountable for the 5.6 grams of crack cocaine that he possessed as part of the offense of conviction. This reduced the base offense level to 24. The Sentencing Guideline range would have been 77 to 96 months, but Huddleston faced a 120-month mandatory minimum sentence on Count 1 because of his prior felony drug trafficking conviction. 21 U.S.C. § 841(b)(1)(B). As a result the Guideline sentencing range on Count 1 was 120 months. U.S. v. Huddleston, C.D.Ill. Case No. 07-30011, Statement of Reasons (d/e 81), § I.B.1., Attachment; see U.S.S.G. § 5G1.2(a). Huddleston also faced a 60-month mandatory consecutive sentence on Count 3. 18 U.S.C. § 924(c)(1)(A)(I). The Court sentenced Huddleston to 120 months on Count 1; 85 months on Count 2, to run concurrently with the sentence on Count 1; and 60 months on Count 3, to run consecutively with the sentences on Counts 1 and 2.

Huddleston appealed. Huddleston claimed on appeal that the District Court erred in denying his motion to suppress evidence and that there was insufficient evidence to convict him on Count 3. On January 27, 2010, the Court of Appeals affirmed the conviction and sentence. United States v. Huddleston, 593 F.3d 596 (7th Cir. 2010). Huddleston filed the Petition

on June 7, 2010.

## ANALYSIS

Huddleston raises four issues in the Petition:

(1) He was actually innocent of possession of a weapon in furtherance of the drug trafficking conviction as charged in Count 3;

(2) He received ineffective assistance of counsel;

(3) The prior drug trafficking conviction was void and so should not have been used as a basis to impose a 120-month mandatory minimum sentence in Count 1; and

(4) The conviction on Count 1 was void because no "Mixture or Substance" can contain crack cocaine.

Petition, at 4-8.

This Court must determine whether Huddleston is entitled to an evidentiary hearing. Rules Governing Section 2255 Cases, Rule 8(a). Huddleston must file a detailed and specific affidavit which shows that he has actual proof of the allegations, rather than mere unsupported assertions, before he is entitled to an evidentiary hearing. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). Huddleston has not filed an affidavit. The Court, therefore, is left with the record in his criminal proceeding. Based on that record, he is not entitled to an evidentiary hearing on any of his claims. The Court will address the claims in order.

4

1. <u>Actual Innocence</u>

Huddleston's claim of actual innocence, even if proven, is not a basis for relief under § 2255 by a petitioner who is not under a sentence of death. Proof of actual innocence does not establish a constitutional violation. Rather, proof of actual innocence is a gateway to seek § 2255 relief for otherwise procedurally barred claims of constitutional violations. <u>Milone v. Camp</u>, 22 F.3d 693, 700 (7th Cir. 1994). Huddleston is not under a sentence of death. Thus, Huddleston is not entitled to relief based on actual innocence alone, even assuming he could prove such.

2. <u>Ineffective Assistance of Counsel</u>

   a. <u>At Trial and Sentencing</u>

Huddleston next asserts claims of ineffective assistance of counsel at trial and at sentencing. Those claims fail because he was not represented by counsel. Huddleston elected to represent himself at trial and at sentencing. He, therefore, waived his right to counsel at trial and at sentencing. Since he waived the right, his standby attorney was not constitutionally obligated to provide any assistance. See <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 177 n.8 (1984). The request for relief based on ineffective assistance of counsel at trial and at sentencing is denied.

b. <u>On Appeal</u>

Huddleston also mentions ineffective assistance of counsel on appeal. Huddleston had appointed counsel on appeal. To establish ineffective assistance of counsel, Huddleston must show that: (1) the counsel's performance fell below an objective standard of reasonableness; and (2) the counsel's deficient performance prejudiced him resulting in an unreliable or fundamentally unfair outcome of the proceeding. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).

Huddleston argues that his appellate counsel should have argued that the Court erred in sentencing him because Amendments 484 and 599 to the Sentencing Guidelines should have applied and resulted in a lower sentence. Huddleston fails to demonstrate any prejudice because the Sentencing Guidelines did not affect Huddleston's sentence. Huddleston received the statutory minimum sentence; he received the minimum 120-month sentence on Count 1 and the minimum 60-month consecutive sentence on Count 3. No application of any amendment to the Sentencing Guidelines would have lowered those minimums. Huddleston fails to show any claim for ineffective assistance of counsel.

3. <u>Prior Convictions</u>

Huddleston challenges the validity of his prior state conviction which resulted in the 120-month mandatory minimum sentence in Count 1. This Court cannot review a prior state conviction in a § 2255 proceeding. <u>Custis v. United States</u>, 511 U.S. 485, 496 (1994); <u>Talbott v. Indiana</u>, 226 F.3d 866, 870 (7th Cir. 2000). Huddleston is not entitled to relief on this ground.

4. <u>Mixture or Substance Containing Crack Cocaine</u>

Huddleston argues that a mixture or substance cannot contain crack cocaine because crack cocaine is a finished product. It is not clear whether Huddleston believes that his sentence should be reduced or that his conviction should be overturned based on this assertion. He is mistaken in any event. A mixture consists of two or more substances blended together. <u>Chapman v. United States</u>, 500 U.S. 453, 462 (1991). Crack cocaine is a cocaine base compound that is typically made by heating a mixture of powder cocaine and baking soda. <u>See</u> <u>United States v. Gonzalez</u>, 608 F.3d 1001, 1003-04 (7th Cir. 2010). The resulting product may contain residue of powder cocaine, baking soda or other residues. Such a combination of crack cocaine and residues would be a mixture or substance containing crack

cocaine. Possession of such a mixture or substance with the intent to distribute violates the Controlled Substances Act (Act). 21 U.S.C. § 841.

Huddleston relies on Sentencing Guideline Amendment 484. Amendment 484 concerns the measurement of quantities of mixtures and substances that contain controlled substances for purposes of sentencing calculations under the Guidelines. The Act, however, clearly makes it a felony to possess a mixture or substance containing crack cocaine with intent to distribute. 21 U.S.C. §§ 841(a) & 841(b). The Sentencing Guidelines do not change the Act. Huddleston was found guilty of violating the Act. He also received the minimum sentence available to him under the Act. His argument about the language of Amendment 484 therefore is immaterial because the Sentencing Guidelines could not reduce his sentence below the statutory minimum. He is not entitled to relief on this ground.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court now considers whether it should issue a Certificate of Appealability (COA). A federal district court should issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A § 2255 petitioner must demonstrate that

8

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Rule 11 allows a court to have the parties "submit arguments on whether a certificate should issue." See Rules Governing Section 2255 Cases, Rule 11(a). In this case, the Court finds that such a step is unnecessary. No reasonable jurist would contend that Huddleston has demonstrated any violation of his constitutional rights. Accordingly, the Court denies Huddleston a COA.

THEREFORE, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is denied. Huddleston is not entitled to a certificate of appealability. All pending motions are denied as moot. This case is closed.

ENTERED this 3rd day of January, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE